**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Javier Romero | ) | Case No.: 24-cv-2175 |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR |
| v. | ) | VIOLATION OF CIVIL RIGHTS |
| | ) | |
| The Village of Alsip, and Alsip Police | ) | |
| Officers T. Jusino, and V. Gonzalez, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |
| | ) | |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff Javier Romero ("Romero") was within the jurisdiction of this court.

4. At all times herein mentioned Alsip Police Officer T. Jusino, ("Jusino") was employed by the Alsip Police Department as a police officer and was acting under color of state law and as the employee, agent, or representative of the Alsip Police Department. This Defendant is being sued in their individual capacity.

5. At all times herein mentioned Alsip Police Officer V. Gonzalez, ("Gonzalez") was employed by the Alsip Police Department as a police officer and was acting under color of

state law and as the employee, agent, or representative of the Alsip Police Department. This Defendant is being sued in their individual capacity.

6. At all times herein mentioned, the Village of Alsip was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Village of Alsip maintained, managed, and/or operated the Alsip Police Department. At all relevant times the Village of Alsip was the employer of T. Jusino and V. Gonzalez.

**FACTUAL ALLEGATIONS**

7. On or about January 26, 2024, Plaintiff was in a vehicle lawfully located in a parking lot, at or near the intersection of 127th Street and Pulaski Rd. in the Village of Alsip, County of Cook, State of Illinois.

8. At that time and place defendants Jusino and Gonzalez seized Plaintiff by ordering Plaintiff out of his vehicle while displaying their handguns.

9. Plaintiff complied with the order to exit the vehicle.

10. Plaintiff was then immediately placed in handcuffs by Defendants.

11. During the course of placing Plaintiff in handcuffs Defendants used an unnecessary and unreasonable amount of force causing physical injury to Plaintiff.

12. There was no legal cause for Defendants to seize Plaintiff.

13. Defendants did not possess a warrant authorizing the seizure of Plaintiff or his vehicle.

14. Prior to seizing and using force against Plaintiff Defendants had not seen Plaintiff engage in any illegal activity.

15. Prior to seizing and using force against Plaintiff Defendants did not possess information indicating that Plaintiff had engaged in any illegal activity.

2

16. Prior to seizing and using force against Plaintiff Defendants did not possess any information indicating that Plaintiff was about to engage in any illegal activity.

17. Plaintiff was eventually released from police custody without being charged with any crime.

18. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, physical injury, humiliation, and indignities, and suffered great mental and emotional pain and suffering all to their damage in an amount to be ascertained.

19. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

20. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff request payment by Defendants, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

3

## COUNT I
### Plaintiff Against Defendants Jusino and Gonzalez For
### UNLAWFUL SEARCH AND SEIZURE

21.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty (20) hereat as though fully set forth at this place.

22.     By reason of the conduct of Defendants Jusino and Gonzalez, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

23.     The seizure of Plaintiff by Defendants was in violation of Plaintiff's Constitutional Rights and not authorized by law.  These acts were in violation of Plaintiff's Fourth Amendment rights.  Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff Against Defendants Jusino and Gonzalez For
### EXCESSIVE FORCE

24.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty (20) hereat as though fully set forth at this place.

25.     By reason of the conduct of Defendants, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

26.     Defendants' use of unnecessary and unreasonable physical force against Plaintiff's person while placing Plaintiff in handcuffs, which resulted in physical injury to Plaintiff, was in violation of Plaintiff's Constitutional Rights and not authorized by law.  These acts were in violation of Plaintiff's Fourth Amendment rights.  Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT III**
**Plaintiff against Jusino, Gonzalez, and the**
**Village of Alsip for**
**<u>False Arrest</u>**

27.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty (20) hereat as though fully alleged at this place.

28.     Jusino and Gonzalez committed the tort of false arrest when they seized and handcuffed Plaintiff without reasonable grounds to believe Plaintiff had committed any criminal offense.

29.     The Village of Alsip is liable to Plaintiff for the acts of Jusino and Gonzalez, pursuant to the doctrine of *respondeat superior*.

30.     As a result of these acts and/or omissions Plaintiff was damaged, and Jusino and Gonzalez, and the Village of Alsip are all liable under the supplemental state law claim of false arrest.

**COUNT III**
**INDEMNIFICATION PURSUANT TO 745 ILCS 10/9-102**
**<u>AGAINST DEFENDANT VILLAGE OF ALSIP</u>**

31.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through thirty (30) hereat as though fully set forth at this place.

32.     The acts of Defendants Jusino and Gonzalez were committed in the scope of their employment with the Defendant Village of Alsip.

33.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant Village of Alsip is liable for any judgments for compensatory damages in this case arising from the actions of Jusino and Gonzalez.

5

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment against the Defendants as follows:

1.  That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2.  That the Defendants be required to pay Plaintiff's special damages;

3.  That the Defendants be required to pay Plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4.  That the Defendants other than the Village of Alsip be required to pay punitive and exemplary damages in a sum to be ascertained;

5.  That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6.  That Plaintiffs have such other and further relief as this Court may deem just and proper.

BY:     s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
118 N. Clinton
Suite 425
Chicago, Illinois 60660
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

BY:     s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
118 N. Clinton
Suite 425
Chicago, Illinois 60660
(312) 345-8877
gbrowne@efoxlaw.com